**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH ZAWATSKY and JOHN TATE, | : |
| Plaintiffs, | : CIVIL ACTION NO. 3:16-1725 |
| v. | : (JUDGE MANNION) |
| JEDDO STARS ATHLETIC ASSOCIATION, et al., | : |
| Defendants | : |

## MEMORANDUM

Presently before the court are the plaintiffs' motion to remand the case to state court, (Doc. 4), the defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), (Doc. 7, Doc. 12), and the plaintiffs' motion to stay the motions to dismiss until remand is decided, (Doc. 8). In removing the instant case to this court, defendant Gabrielle alleges that this court has federal question jurisdiction under 28 U.S.C. §1331. In opposing removal, the plaintiffs argue that they do not raise a federal free speech claim and that they have not named any state actors which are required to assert a First Amendment claim under 42 U.S.C. §1983. In response, the defendants argue that the court should not remand this case because the plaintiffs' fourth amended complaint asserts a claim for "Whistleblower Act/Violation of Free Speech" and the right to freedom of speech is guaranteed by the First Amendment. As such, the defendants contend that this court has jurisdiction over this case. Finding that the plaintiffs are not raising a First Amendment

free speech claim, and that the defendants have failed to establish that the court has federal question jurisdiction, the court will **GRANT** the plaintiffs' motion to remand. The defendants' motions to dismiss and the plaintiffs' motion to stay are **MOOT**.[1]

I.  **BACKGROUND**

Plaintiffs Joseph Zawatsky and John Tate (collectively, "plaintiffs"), filed a complaint on January 15, 2016, in the Luzerne County Court of Common Pleas against defendant Jeddo Stars Athletic Association, Inc. ("Jeddo") seeking damages for their alleged wrongful "ouster" from membership in Jeddo.[2] On March 9, 2016, plaintiffs filed an amended complaint against Jeddo which was nearly identical to their original pleading. On March 28, 2016, Jeddo filed preliminary objections to the amended complaint. Plaintiffs filed a second amended complaint against Jeddo on April 13, 2016. On April 29, 2016, Jeddo filed preliminary objections to the second amended complaint. Plaintiffs filed a third amended complaint against Jeddo on May 16,

---

[1] The court notes that because it is disposing of the defendants' motions to dismiss without considering the merits, these motions will be dismissed as moot, rather than denied as moot. Counsel for defendants may re-file the motions, upon remand, in the Court of Common Pleas as allowed by that court.

[2] The plaintiffs' pleadings were filed along with the notice of removal as exhibits. (Doc. 2).

2

2016. On May 31, 2016, Jeddo filed preliminary objections to the third amended complaint. Plaintiffs filed a fourth amended complaint against Jeddo and defendant Bernard Gabrielle on June 15, 2016. On July 26, 2016, Jeddo filed preliminary objections to the fourth amended complaint. On August 1, 2016, plaintiffs filed preliminary objections to Jeddo's preliminary objections to their fourth amended complaint alleging they were untimely. On August 15, 2016, Gabrielle filed preliminary objections to the fourth amended complaint and he amended his objections on August 17, 2016. On August 16, 2016, Jeddo filed its response to plaintiffs' preliminary objections to its preliminary objections.

On August 18, 2016, Gabrielle filed his notice of removal of this case to federal court. (Doc. 1). On August 19, 2016, plaintiffs filed a motion to remand to state court, (Doc. 4), with exhibits, (Doc. 5). Plaintiffs filed their brief in support of their motion to remand on August 22, 2016. (Doc. 6). On August 24, 2016, Gabrielle filed a motion to dismiss the fourth amended complaint for failure to state a claim. (Doc. 7). On August 24, 2016, plaintiffs filed a motion to stay briefing on Gabrielle's motion to dismiss until their motion to remand is decided by the court. (Doc. 8). On August 25, 2016, Jeddo filed a motion to dismiss the fourth amended complaint for failure to state a claim with

attached exhibits.[3] (Doc. 12).

All of the pending motions have been briefed by the parties and exhibits were submitted. (Doc. 13, Doc. 14, Doc. 15, Doc. 16, Doc. 17, Doc. 18, Doc. 19).

There are five counts in the fourth amended complaint seeking damages for the plaintiffs' alleged wrongful "ouster" from membership in Jeddo, a nonprofit corporation in Freeland, PA, which allegedly receives state grants and monies. (Doc. 13-1). The first count, asserted by both plaintiffs against both defendants, raises a "Whistleblower Act/Violation of Free Speech" claim. The remaining four counts are state law claims for false light and defamation (two counts), breach of contract and breach of fiduciary duties. For present purposes, the only relevant count is Count I.

In Count I, plaintiffs allege that they were long time members of Jeddo. They also alleged that they were employed to perform various services for Jeddo and received remuneration, food and drinks in return. Plaintiffs allege that they became aware $50,000 was stolen from Jeddo and that Zawatsky was told by board members to keep silent about the theft. The board also allegedly refused to have criminal charges filed against the member who stole the money despite being contacted by law enforcement officials.

---

[3]Jeddo filed two identical motions to dismiss but the Doc. 11 motion did not contain the attached exhibits as the Doc. 12 motion did. As such, the Doc. 11 motion was terminated on the docket.

On November 13, 2015, Zawatsky was told again by board members, including Gabrielle, to keep his mouth shut about the theft and not to mention their names to the District Attorney. Despite this directive, on November 16, 2015, Zawatsky contacted the Luzerne County District Attorney's Office and the Pennsylvania State Police to report theft of monies from Jeddo, and both plaintiffs then went to the state police to report the theft. Based on their reports to officials about the theft, their memberships to Jeddo were revoked by the board at a public meeting in December of 2015 in "direct conflict with [Jeddo's] bylaws and in retaliation for having blown the whistle in reporting theft to municipal and state law enforcement agencies." As relief in Count I, plaintiffs seek compensatory and punitive damages as well as reinstatement as members in Jeddo.

## II.    LEGAL STANDARD

Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." Thus, a defendant may remove from state court to federal court any civil case arising under federal law. *See* 28 U.S.C. §1441(b).

Upon a motion to remand a removed action, the removing party bears

the burden of demonstrating that removal was proper. Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." Id.

In considering a motion to remand, the statute governing removal, 28 U.S.C. §1441, must be strictly construed against removal." Id. (citing Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005) (citations omitted)). Moreover, ruling on the removal of any action is the prerogative of the federal courts. Id. (citing Harrison v. St. Louis & S.F.R. Co., 232 U.S. 318, 329 (1914) ("as the right given to remove by the United States law is paramount, it results that it is also of the essence of the right to remove, that when an issue of whether a prayer for removal was rightfully asked arises, a Federal question results which is determinable by the courts of the United States free from limitation or interference arising from an exertion of state power")).

"Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). The court examines the propriety of removal in light of these general

principles.

The notice of removal must be filed within 30 days of the defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. §1446(b). The court does not have discretion to extend this 30-day period. Crawford v. Fargo, 341 F.Supp. 762, 763 (M.D.Fla. 1972) (citing Peter Holding Co. v. Leroy Foods, Inc., 107 F.Supp. 56 (D.C.N.J. 1942)).

## III.  DISCUSSION

The parties do not dispute that there is no diversity jurisdiction. Rather, removal was based on the court's original jurisdiction over this case pursuant to 28 U.S.C. §1331 since plaintiffs are allegedly raising a free speech claim under the First Amendment. Nor is there any dispute that Gabrielle filed the notice of removal within 30 days of plaintiffs' fourth amended complaint, the pleading which first named him as a defendant. Plaintiffs suggest that Gabrielle waived the right to remove this case by filing preliminary objections in state court. While Gabrielle filed preliminary objections to plaintiffs' fourth amended complaint in state court three days before he filed the notice of removal, the court does not find that he waived the right to remove since he did not actually litigate the merits of the case in state court and there was no "clear and equivocal" waiver of his right of removal. *See* Sacko v. Greyhound

Lines, Inc., 2013 WL 2392906, *2-*3 (E.D.Pa. May 31, 2013) (citing Selvaggi v. Prudential Prop. & Cas. Ins. Co., 871 F.Supp. 815, 817 (E.D.Pa. 1995) ("Thus, pleadings that are filed early in the proceedings are rarely construed as clear waivers of the right to remove.")). The state court did not issue any orders before Gabrielle filed the notice of removal, and plaintiffs were not prejudiced by the fact that his preliminary objections were filed three days before the notice of removal was filed. *See* Sacko, 2013 WL 2392906, *3 (citing Selvaggi, 871 F.Supp. at 818 ("[C]ourts generally have held that the right to remove is maintained where there has been no litigation on the merits and no prejudice to any parties.")).

The right to removal is to be determined according to the pleadings at the time of the petition for removal. Abels, 770 F.2d at 29. "Removal is proper when the federal district court would have had original jurisdiction over the matter originally brought in state court." Sacko, 2013 WL 2392906, *1 (citation omitted). Plaintiffs state the they have only brought state claims under the Whistleblower Law, breach of contract, breach of fiduciary duty and defamation, and that there is no federal question in this case. Plaintiffs also state that since neither defendant is a state actor alleged to have been engaged in state action, they cannot be held liable under §1983 for a First Amendment free speech violation. *See* Moore v. Tartler, 983 F.2d 682, 685

8

(3d Cir.1993) (In order to state a cognizable claim under §1983, plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under the color of state law."). As such, plaintiffs indicate that they did not intend to raise a First Amendment free speech claim and if their case remains in federal court, Count I is subject to dismissal for failure to state a claim under §1983. Plaintiffs cite to Max v. Republican Comm. of Lancaster Cty., 587 F.3d 198, 200 (3d Cir. 2009).

In *Max*, plaintiff was a committeewoman for the Lancaster County Republican Committee and she filed a civil rights action under §1983 against the Committee, the chairman, the executive director and the county Republican Headquarters (a nonprofit corporation), for violating her First Amendment rights of free speech when they allegedly retaliated against her due to her criticisms of the party's endorsed candidates and her support of an unendorsed candidate. Defendants filed a motion to dismiss under Rule 12(b)(6). The Third Circuit in Max, 587 F.3d at 200, stated "[i]t is axiomatic that the First Amendment governs only state action, not the actions of private entities." The court then conducted a fact-based analysis to determine whether defendants were state actors amenable to suit under §1983 and acknowledged that "state action may be imputed to private groups who carry

9

out functions that are 'governmental in nature.'" Id. (citation omitted). The court held that Pennsylvania delegated the authority to perform the public function of selecting the Republican candidates for the ballot to the registered county Republican voters and not defendants. As such, the Third Circuit affirmed the district court which dismissed the First Amendment claim and held that the alleged conduct of defendants toward plaintiff were not state actions making defendants liable under §1983 and that the conduct was internal to the Republican party.

At this juncture, the court must determine whether remand would be appropriate. In doing so, the court is also evaluating whether the original removal was proper, and the above stated principles apply. In determining the legitimacy of a complaint in a jurisdictional analysis, a court does not apply the Rule 12(b)(6) standard, that is, has the plaintiff "failed to state a claim upon which relief may be granted." *See* Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (citing Lunderstadt v. Colafella, 885 F.2d 66 (3d Cir.1989)). Additionally, it is "settled law that a case may not be removed to federal court on the basis of a federal defense." Caterpillar, 482 U.S. at 393 (citation omitted). To the extent plaintiffs are attempting to persuade the court to "convert [] its jurisdictional inquiry into a motion to dismiss," which the Third Circuit held is improper, Batoff, 977 F.2d at 852, the court declines to do so.

*See* Cicilioni v. Dickson City Walmart Supercenter, 2016 WL 3654499 (M.D.Pa. July 8, 2016).

Defendants state that the federal court had original jurisdiction over this case pursuant to 28 U.S.C. §1331 since plaintiffs alleged violations of their free speech rights under the United States Constitution. No doubt that the fourth amended complaint in this action did not specifically include a First Amendment claim pursuant to 42 U.S.C. §1983. Plaintiffs argue that they only alleged in Count I of their fourth amended complaint that their rights under the Pennsylvania Whistleblower Law were violated and not their federal constitutional rights. As such, plaintiffs contend that this court does not have original jurisdiction over their case.

"Remand is mandatory if the court determines that it lacks federal subject matter jurisdiction." The Bachman Co. V. MacDonald, 173 F.Supp.2d 318, 322 (E.D.Pa. 2001) (citation omitted). "In removal cases, the existence of federal court jurisdiction is usually determined under the well-pleaded complaint rule, which provides that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question." Mosley v. City of Pittsburgh Public School Dist., 2008 WL 2224888, *2 (W.D.Pa. May 27, 2008) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987)). "An action 'arises' under federal law when 'the plaintiffs statement of his own

11

cause of action shows that it is based upon [federal law].'" Shupp v. Reading Blue Mtn., 850 F.Supp.2d 490, 495 (M.D.Pa. 2012) (citing Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). "The well-pleaded complaint rule 'makes the plaintiff the 'master of the claim,' meaning that he or she may [intentionally] avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law.'" Scott v. Sysco Food Serv. of Metro N.Y., L.L.C., 2007 WL 3170121, *2 (D.N.J. Oct. 26, 2007) (citing Caterpillar, 482 U.S. at 392 (other citation omitted)); *see also* Reisinger v. Shucosky, 2014 WL 496472 (M.D.Pa. Feb. 6, 2014). In strictly construing the removal statutes against removal and resolving all doubts in favor of remand as required, *see* Boyer, 913 F.2d at 111, the court finds that Count I of plaintiffs' fourth amended complaint raises only a claim under the Pennsylvania Whistleblower Law. "The Whistleblower Law seeks to protect public employees who report suspected legal violations from being discharged by their employers as a result of such reporting." Johnson v. Resources for Human Development, Inc., 789 F.Supp.2d 595, 601 (E.D.Pa. 2011) (citing 43 Pa. Stat. Ann. §1423(a)). In order to state a cause of action under Pennsylvania Whistleblower Law "against an eligible employer, an employee 'must show by a preponderance of the evidence that, prior to the alleged reprisal, the employee or a person acting on behalf of the employee had

reported or was about to report in good faith ... an instance of wrongdoing or waste to the employer or an appropriate authority.'" Johnson, 789 F.Supp.2d at 601 (quoting 43 Pa. Stat. Ann. §1424(b)). Plaintiffs allege that they made a good faith report of illegal activity regarding the theft of Jeddo's funds by a member to law enforcement officials and that as a result, defendants retaliated against them by revoking their memberships. Thus, plaintiffs have identified a "wrongdoing" protected by the Whistleblower Law and they allege that they were retaliated against for reporting it.[4]

The court finds that plaintiffs' stated complaint does not assert a federal constitutional violation against the two defendants. In fact, there is no mention whatsoever in this pleading of any alleged violations of plaintiffs' federal or U.S. constitutional rights. Nor does this pleading indicate that it was filed as a federal civil rights action pursuant to 42 U.S.C. §1983. Indeed, the first three pleadings plaintiffs filed contained only state law claims, including Count I "Whistleblower Act/Violation of Free Speech" claim, and Jeddo did not seek to remove the case. This fact also indicates that plaintiffs intended to keep their claims under state law when they filed their fourth amended complaint and merely added Gabrielle as a defendant.

---

[4]This court does not address whether Jeddo was an eligible employer subject to the Whistleblower Law. This is an issue for the state court to decide upon remand.

13

Count I does not arise under federal law since "some substantial, disputed question of federal law is [not] a necessary element of [the Whistleblower Law claim]", and this claim is not "really one of federal law." Shupp, 850 F.Supp.2d at 495 (citation omitted). Thus, the court finds that there is no basis for the fourth amended complaint to be removed to this federal court and this court lacks original jurisdiction over this case. Plaintiffs' counsel is a frequent litigator in federal court, and undoubtedly if she wanted to include federal constitutional claims in the complaint under §1983, she would have done so. Rather, the pleading was specifically drafted to assert only state law claims. Thus, the court finds under the well-pleaded complaint rule that federal question jurisdiction has not been established in the present case since the face of plaintiffs' properly pleaded complaint does not assert a federal question. The court finds that under [28 U.S.C. §1447(c)](#) remand of this case back to Luzerne County Court is authorized since subject matter jurisdiction over plaintiffs' state law claims is lacking.

As such, the court will grant the plaintiffs' motion for remand, thereby rendering the defendants' motions to dismiss under [Fed.R.Civ.P. 12(b)(6)](#) and plaintiffs' motion to stay moot. To clarify, the motions to dismiss will be dismissed without prejudice to re-filing upon remand, in the state court.

Finally, insofar as plaintiffs requests attorneys' fees and costs

14

associated with their motion to remand, the court finds that there was a good faith basis for seeking removal and the notice of removal was not "frivolous" of "insubstantial." Thus, the court, in its discretion, finds that awarding attorney's fees is not appropriate in this case and the request will be denied. *See* Shupp, 850 F.Supp.2d at 501-02 (citation omitted).

## IV. CONCLUSION

In light of the foregoing, the court finds that defendants have not met their burden of proving that removal was proper, and the case will be remanded to state court. The defendants' motions to dismiss and plaintiffs' motion to stay are moot. Each party to bear their own costs.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 19, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1725-01.wpd